IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **DYNAENERGETICS EUROPE GMBH,** § <br> **and DYNAENERGETICS US, INC.** § <br> §<br> *Plaintiffs,* §<br> §<br> v. §<br> §<br> **YELLOW JACKET OIL TOOLS, LLC** §<br> §<br> *Defendant.* §<br> § | <br><br><br><br><br>**Civil Action No. 6:20-CV-01110-ADA**<br><br>**Jury Trial Demanded** |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS**

i

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

FACTUAL BACKGROUND .................................................................................................. 1

ARGUMENT ........................................................................................................................... 4

CONCLUSION ........................................................................................................................ 7

**TABLE OF AUTHORITIES**

**Cases**

*DynaEnergetics Europe GmbH v. YellowJacket Oilfield Services, LLC*,
  Case No. 6:20-cv-1082 (W.D. Tex. Nov. 24, 2020) .................................................. 1, 4

*In re BigCommerce, Inc.*,
  890 F.3d 978 (Fed. Cir. 2018) .......................................................................................... 5

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017) ..................................................................................... 5, 6

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018) ......................................................................................... 5

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  137 S. Ct. 1514 (2017) ......................................................................................................... 4

Other Authorities

28 U.S.C. § 1400(b) ................................................................................................... 4, 5, 6

Federal Rule of Civil Procedure 12(b)(3) .................................................................... 1

## INTRODUCTION

This Court should dismiss Plaintiffs' DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "Plaintiffs" or "DynaEnergetics") Original Complaint (Dkt. 1) for lack of venue because Defendant Yellow Jacket Oil Tools, LLC ("Defendant" or "Yellow Jacket") does not have a "regular and established place of business" anywhere in the Western District of Texas nor has it committed acts of infringement in the District. 28 U.S.C. § 1400(b). Venue in this case is not a close call. Defendant has no operations in this District at all and each and every venue fact cited by DynaEnergetics relates to, a different company, G&H Diversified Manufacturing, LP (hereinafter, "G&H Diversified").[1] Defendant is a subsidiary of G&H and has no operations *at all*. And this is not the first time that DynaEnergetics has sued the wrong entity merely because it has the phrase "Yellow Jacket" in its name. *See DynaEnergetics Europe GmbH v. YellowJacket Oilfield Services, LLC*, Case No. 6:20-cv-1082 (W.D. Tex. Nov. 24, 2020) at Dkts. 1, 14.

Because Defendant does not engage in any of the alleged acts of infringement and does not have any operations, offices or presence in the Western District of Texas, dismissal under Federal Rule of Civil Procedure 12(b)(3) for lack of venue is appropriate.

## FACTUAL BACKGROUND

On December 4, 2020, Plaintiffs DynaEnergetics sued Defendant Yellow Jacket Oil Tools, LLC for patent infringement. In an attempt to support venue in the Western District of Texas, DynaEnergetics alleges that the Defendant "has regular and established places of business throughout Texas and in this District, including at 4608 S County Road 1310, Odessa, TX, 79765."

---

[1] G&H Diversified has filed a declaratory judgment action of non-infringement against DynaEnergetics in the Southern District of Texas. *G&H Diversified Manufacturing, LP v. DynaEnergetics Europe GmbH et al.*, Case No. 3:20-cv-376 (S.D. Tex. Dec. 14, 2020) at Dkt. 1.

1

Dkt. 1 at ¶ 4. Similarly, DynaEnergetics broadly alleges that "infringement is occurring within the State of Texas and this District through Defendant's manufacture and distribution of the 'YJOT Pre-Wired Perforating Gun' at its Texas manufacturing and distribution facilities." *Id.* at ¶¶ 7 and 10.

However, contrary to Plaintiffs' Complaint, Yellow Jacket Oil Tools, LLC does not conduct any business *at all*, let alone in this District. It does not lease any property in this District or elsewhere, it does not manufacture or sell any products, and it does not produce any revenue. Ex. 1 (Declaration of John Kaiser) at ¶¶ 7-13. Simply put, the Defendant does not perform any of the actions alleged by DynaEnergetics in its Complaint, including maintaining any "regular and established place of business" in the Western District of Texas that would support venue under the law.

Instead, Yellow Jacket Oil Tools, LLC is wholly owned by G&H Diversified Manufacturing, LP (hereinafter, "G&H Diversified"). Ex. 2, Certificate of Formation and Amendments at 6 (identifying G&H Diversified as the Sole Member). Specifically, the Defendant was originally formed in 2015 under the name Yellow Jacket Equipment LLC, which was later amended in 2019 to Yellow Jacket Oil Tools, LLC. Ex. 2 at 2. Since its formation in 2015, the Defendant has not conducted any business. Ex. 1 at ¶ 7.

As a result, ***every action*** that DynaEnergetics attributes to the Defendant is incorrect. Rather, as clearly stated on G&H Diversified's own website—which DynaEnergetics cites in its Complaint—G&H Diversified Manufacturing, LP manufactures and sells perforating guns under the trade name Yellow Jacket Oil Tools. Ex. 1 at ¶¶ 14-15; Ex. 3 Invoice No. 119725 (example G&H Diversified invoice for perforating guns), Ex. 4, *History of Yellow Oil Tools*, available at www.yjoiltools.com/about. G&H Diversified launched the Yellow Jacket Oil Tools trade name

2

in 2011, several years *before* the Defendant was formed, and G&H Diversified has continued to sell perforating guns under the Yellow Jacket Oil Tools trade name since 2011.  Ex. 1 at ¶¶ 14-15 and Ex. 4.

Moreover, G&H Diversified's website openly states that the trade name "Yellow Jacket Oil Tools" is a "division of G&H Diversified Manufacturing," and the website does not contain any reference to or mention of the Defendant.  *See, e.g.*, Dkt. 1 at Ex. B.  Similarly, a routine review of the www.yjoiltools.com website—which DynaEnergetics cites to in its own Complaint—shows that it is registered to, maintained by, and administered by G&H Diversified Manufacturing, LP.  Ex. 5, ICANN Lookup Page, retrieved 1/11/2021.  In fact, this website was registered on March 20, 2013, two years *before* the Defendant was formed.  *Id.*; Ex. 2 at 2.  Public records even show that the trademark for the Yellow Jacket Oil Tools name and design is registered to G&H Diversified Manufacturing, LP.  Ex. 6, Yellow Jacket Oil Tools Trademark Registration.

Even more problematic for DynaEnergetics, the Defendant ***does not*** have a regular and established place of business anywhere in the Western District of Texas.  Although Plaintiffs attempt to support venue by identifying a property located at 4608 S County Road 1310, Odessa, TX, 79765, that property has no connection to the Defendant.  *See* Dkt. 1 at ¶ 4.  Instead, G&H Diversified Manufacturing, LP began leasing that property on December 1, 2012 and currently pays rent on a month-to-month basis.  Ex. 1 at ¶¶ 16-18; Ex. 7, Lease Agreement; Ex. 8, Fifth Amendment to Lease Agreement; Ex. 9, Rent Check to Johnny Warren.  Defendant does not occupy, own, or hold any lease to the property at 4608 S County Road 1310 or anywhere else in the Western District of Texas.  Ex. 1 at ¶¶ 10.  Simply put, the Defendant does not do any of the things alleged in DynaEnergetics Complaint.  *Id.*

DynaEnergetics has already been forced to dismiss an incorrectly filed lawsuit against a Defendant named "Yellow Jacket." Specifically, on November 24, 2020—one week before filing the current lawsuit—DynaEnergetics sued "YellowJacket Oilfield Services, LLC" for infringing the same asserted patent. *See DynaEnergetics Europe GmbH v. YellowJacket Oilfield Services, LLC*, Case No. 6:20-cv-1082 (W.D. Tex. Nov. 24, 2020) at Dkt. 1. Using identical language to the instant lawsuit, DynaEnergetics' complaint baselessly alleged that "infringement is occurring within the State of Texas and this District through Defendant's manufacture and distribution of the 'YJOT Pre-Wired Perforating Gun' at its Texas manufacturing and distribution facilities" and similarly cited G&H Diversified's own website. *See id.* at Dkt. 1, ¶ 7. Upon realizing that it had sued the wrong entity, DynaEnergetics dismissed that suit on December 4, 2020. *See id.* at Dkt. 14.

However, instead of properly investigating the issue, reviewing its pleadings, and employing due care to make sure it did not repeat the same mistake, DynaEnergetics rushed to file the instant lawsuit *that same day*. As a result, Defendant is now compelled to file this motion and seek the dismissal of DynaEnergetics' second attempt at a lawsuit. For the reasons detailed below, Yellow Jacket Oil Tools, LLC respectfully submits that venue is improper under the law and that this case should be dismissed.

**ARGUMENT**

Pursuant to the patent venue statute, an infringement action may be brought only in a judicial district where the defendant "resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). Upon motion by

a defendant challenging venue in a patent case, the plaintiff bears the burden of establishing proper venue. *See, In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). Plaintiffs cannot do so.

Defendant, Yellow Jacket Oil Tools, LLC, is incorporated in the state of Texas, and therefore "resides" in the state of Texas. *TC Heartland*, 137 S. Ct. at 1517. However, a corporation is not a resident of every district of the state in which is it incorporated merely because it is incorporated in that state. *In re BigCommerce, Inc.*, 890 F.3d 978, 982 (Fed. Cir. 2018). Under § 1400(b), a corporation only "resides" in one judicial district. *Id.* at 983. "[F]or purposes of determining venue under § 1400(b) in a state having multiple judicial districts, a corporate defendant shall be considered to 'reside' only in the single judicial district within that state where it maintains a principal place of business, or, failing that, the judicial district in which its registered office is located." *Id.* at 986. Defendant has a registered agent at 11927 Tanner Road, Houston, Texas, 77041, which is within the Southern District of Texas.[2] Ex. 2 at p. 10. Therefore, Defendant does not "reside" within the Western District of Texas under § 1400(b).

Alternatively, 28 U.S.C. § 1400(b) provides that a patent infringement action may be brought "where the defendant has committed acts of infringement and has a regular and established place of business." The Federal Circuit has interpreted this portion of § 1400(b) as requiring "that 'a defendant has' a 'place of business' that is 'regular' and 'established'" in the judicial district where venue is sought. *In re Cray Inc.*, 871 F.3d 1355, 1362 (Fed. Cir. 2017). The "place of business" means that "there must still be a physical, geographical location in the district from which the business of the defendant is carried out." *In re Cray Inc.*, 871 F.3d 1355, 1362 (Fed.

---

[2] Although Defendant does not have any operations, to the extent Defendant maintains a "principal place of business," it is at 11927 Tanner Road, Houston, TX 77041 where its officers Edward Kash, James Kash, and John Kaiser are located.

Cir. 2017). The place must also be "of the defendant" meaning that "the defendant must establish or ratify the place of business. It is not enough that the employee does so on his or her own." *In re Cray Inc.*, 871 F.3d 1355, 1363 (Fed. Cir. 2017)

Venue is also inappropriate under this prong of the patent statute. Defendant does not have a regular and established place of business in the Western District of Texas. Defendant does not have a regular and established place of business anywhere because Yellow Jacket Oil Tools, LLC does not do business anywhere. Ex. 1 at ¶¶ 7-13.

The complaint alleges that Defendant has a regular and established place of business in the Western District of Texas based on photographs of a building bearing a sign reading "Yellow Jacket Oil Tools" that is located at 4608 S County Road 1310, Odessa, TX, 79765. However, Defendant has no association with this location. The lease on the building at 4608 S County Road 1310 is held by G&H Diversified Manufacturing, LP and it is G&H Diversified Manufacturing, LP that carries out business at the building at 4608 S County Road 1310. Ex. 4, Lease Agreement. Accordingly, the location at 4608 S County Road 1310, Odessa, TX, 79765 is not "of the defendant" as required by § 1400(b), because Defendant has not established or ratified it in any way. *See*, *In re Cray Inc.*, 871 F.3d 1355, 1363 (Fed. Cir. 2017). Plaintiffs have identified no other locations associated with Defendant in the Western District of Texas. Dkt. 1. Therefore, Defendants do not have a "regular and established place of business" in the Western District of Texas and therefore venue does not exist under either prong of § 1400(b).

The simple fact is that Defendant Yellow Jacket Oil Tools, LLC does not do anything. A small amount of due diligence on Plaintiffs' part would have revealed that Yellow Jacket Oil Tools, LLC does not have any association with products sold under the Yellow Jacket Oil Tools brand. G&H Diversified owns and operates the Yellow Jacket Oil Tools website (www.yjoiltools.com);

G&H Diversified owns the copyright on the Yellow Jacket Oil Tools name and logo; G&H Diversified holds the lease on the property at 4608 S County Road 1310; G&H Diversified employs those working at 4608 S County Road 1310; and G&H Diversified alone designs, manufactures, and sells perforating guns and all other products sold under the Yellow Jacket Oil Tools brand name.  G&H Diversified Manufacturing, LP and Yellow Jacket Oil Tools, LLC are distinct corporate entities.

## CONCLUSION

Because Defendant does not "reside" in and does not have "a regular and established place of business" in the Western District of Texas, this motion to dismiss for improper venue should be granted.

Dated: January 29, 2021

Respectfully submitted,

/s/ Amir Alavi
Amir Alavi
State Bar No. 00793239
Todd Mensing
State Bar No.: 24013156
**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.**
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062
aalavi@azalaw.com
tmensing@azalaw.com

### CERTIFICATE OF CONFERENCE

On January 29, 2021, Defendant conferred with Plaintiffs' counsel regarding the relief sought in this motion. Plaintiffs oppose this motion.

/s/ Amir Alavi
Amir Alavi

### CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2021, a true and correct copy of this document has been filed electronically via the Court's CM/ECF filing system and subsequently all counsel in this matter deemed to accept service electronically will be notified via the Court's CM/ECF filing system.

/s/ Amir Alavi
Amir Alavi