# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC. | § § § |
| *Plaintiffs,* | § § § |
| v. | §   Civil Action No. 6:20-CV-01110-ADA |
| | § |
| YELLOW JACKET OIL TOOLS, LLC, and G&H DIVERSIFIED MANUFACTURING, LP | §   Jury Trial Demanded § § § |
| *Defendants.* | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR RENEWED MOTION TO DISMISS PLAINTIFFS' CLAIMS OR ALTERNATIVELY TRANSFER TO THE SOUTHERN DISTRICT OF TEXAS

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  ARGUMENT ................................................................................................................. 1

   A.  DynaEnergetics' Allegation of Alter Ego is Wrong ............................................ 1

      i.    Yellow Jacket Oil Tools, LLC and G&H are Separate Entities. ............................... 4

      ii.   Defendants Have Not "Admitted" the Requisite "Plus Factors." ............................. 5

      iii.  DynaEnergetics Cannot Establish that Yellow Jacket Oil Tools, LLC and G&H are Alter Egos, Thereby Failing to Establish Venue is Proper as to All Parties.............. 6

   B.  The Section 1404 Transfer Factors Require This Case Be Transferred to the SDTX ........ 8

      i.    DynaEnergetics Ignores the Relevant Inquiry as to the Location of Sources of Proof and Manufactures Purported Relevant Proof in the WDTX ..................................... 8

      ii.   The Location of Identified Third-Party Witnesses Favors the SDTX ...................... 9

      iii.  The SDTX's Localized Interest Favors Transfer ...................................................... 10

III. CONCLUSION ............................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*Canyon Furniture Co. v. Rueda Sanchez*,
 2018 WL 6265041 (W.D. Tex. Nov. 8, 2018) ............................................................................ 8

*Capital Fin. & Commerce AG v. Sinopec Overseas Oil & Gas, Ltd.*,
 260 S.W.3d 67 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ............................................ 1, 3

*Dymatize Enters., Inc. v. Maximum Human Performance, Inc.*,
 2010 WL 972240 (N.D. Tex. Feb. 28, 2010) ............................................................................ 10

*DynaEnergetics Europe GmbH et al. v. Nexus Perforating LLC*,
 No. 4:21-cv-00280 ..................................................................................................................... 9

*DynaEnergetics Europe GmbH et al. v. Vigor USA, LLC*,
 No. 4:21-cv-00283 ..................................................................................................................... 9

*Frito-Lay North America, Inc. v. Medallion Foods, Inc.*,
 867 F. Supp. 2d 859 (E.D. Tex. 2012) ..................................................................................... 10

*Hargrave v. Fibreboard Corp.*,
 710 F.2d 1154 (5th Cir. 1983) ................................................................................................... 6

*In re Cray Inc.*,
 871 F.3d 1355 (Fed. Cir. 2017) .................................................................................................. 1

*Interactive Toybox LLC v. Walt Disney Co.*,
 2018 WL 5284625 (W.D. Tex. Oct. 24, 2018) .................................................................. 1, 3, 8

*Kuster v. Western Digital Technologies, Inc.*,
 2021 WL 466147 (W.D. Tex. Feb. 9, 2021) .............................................................................. 9

*Nat'l Steel Car Ltd. v. Greenbrier Cos., Inc.*,
 2020 WL 4289388 (W.D. Tex. Jul. 27, 2020) ................................................................... 3, 5, 7

*PHC-Minden, L.P. v. Kimberly-Clark Corp.*,
 235 S.W.3d 163, 176 (Tex. 2007) .............................................................................................. 4

*Precis Group, LLC v. TracFone Wireless, Inc.*,
 2021 WL 932046 (W.D. Tex. Mar. 11, 2021) ........................................................................ 7, 9

*Safeco Ins. Co. of Indiana v. Nidec Motor Corp.*,
 2021 WL 134099 (E.D. Tex. Jan. 14, 2021) .............................................................................. 7

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
   137 S. Ct. 1514 (2017) .................................................................................................. 1

*Touchscreen Gestures, LLC v. HTC Corp.*,
   2013 WL 12204558 (E.D. Tex. Mar. 27, 2013) ...................................................... 10

**Other Authorities**

28 U.S.C.§ 1404 ................................................................................................................ 1

28 U.S.C.§ 1406(a) ........................................................................................................... 1

**I.   INTRODUCTION**

DynaEnergetics effectively concedes that venue is improper in the Western District of Texas. Under *TC Heartland*, Yellow Jacket Oil Tools, LLC does not have any "regular and established place of business" in this District and DynaEnergetics does not contend otherwise. *See TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1519 (2017).

Recognizing this venue problem, DynaEnergetics baselessly claims in its response that Yellow Jacket Oil Tools, LLC is an "alter ego" of G&H Diversified Manufacturing, L.P. ("G&H") and that G&H's contacts with this District should therefore be imputed to Yellow Jacket Oil Tools, LLC. However, under the law, corporate entities are presumed to be separate, and the doctrine of "alter ego" applies only to exceptional situations where those entities have ignored the corporate form. *See Capital Fin. & Commerce AG v. Sinopec Overseas Oil & Gas, Ltd.*, 260 S.W.3d 67, 82 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Interactive Toybox LLC v. Walt Disney Co.*, Case No. 1:17-cv-1137, 2018 WL 5284625, at *3–4 (W.D. Tex. Oct. 24, 2018) (stating that the plaintiff must meet a "substantial burden" of showing alter ego). As explained below, because DynaEnergetics has failed to meet this burden, venue is improper. Accordingly, this case should either be dismissed or, alternatively, transferred to the Southern District of Texas, where **both** DynaEnergetics and the defendants reside and where venue is proper as to all parties. *See In re Cray Inc.*, 871 F.3d 1355, 1366–67 (Fed. Cir. 2017) (curing a lack of venue by transferring the case under § 1406(a)). Indeed, even setting aside the venue problem above, transfer is still warranted given that the 1404 factors overwhelmingly favor the Southern District of Texas.

**II.   ARGUMENT**

   **A. DynaEnergetics' Allegation of Alter Ego is Wrong**

In its complaint, DynaEnergetics mistakenly stated that Yellow Jacket Oil Tools, LLC has

1

an established place of business in the WDTX based on a building at 4608 S. County Road 1310, Odessa, Texas. Dkt. 1 at ¶ 4; Dkt. 17 at ¶ 5. However, as detailed in the pending motion, this location is instead leased from a non-party *by G&H*, which designs, manufactures and sells perforating guns under the *trade name* "Yellow Jacket Oil Tools." *See* Dkt. 24 at Ex. 1 ¶¶ 14–18 and Exs. 7–9. As plainly stated on G&H's website for the Yellow Jacket Oil Tools brand:



Dkt. 24 at Ex. 4; The G&H website further makes clear that Yellow Jacket Oil Tools is a *division* of G&H Diversified Manufacturing.



Dkt. 1 at Ex. B, p. 3. G&H's main website also explains that "Yellow Jacket Oil Tools" is a "product line" of perforating guns and not a separate entity:



Ex. A (G&H Website). Contrary to DynaEnergetics' assumption, G&H never states or represents that its perforating guns are manufactured or sold by the "Yellow Jacket Oil Tools, LLC" entity

that DynaEnergetics is determined to name as a defendant in this case. As a result, the lease agreements, sworn statements, and G&H's own websites show that G&H manufactures the accused perforating guns (out of its principal offices in Houston, Texas) and uses the identified location in Odessa as a warehouse for its parts. DynaEnergetics does not dispute any of the evidence cited by G&H, and DynaEnergetics does not offer any evidence that would support its original claim that the Odessa building is a "regular and established place of business" for the named Yellow Jacket Oil Tools, LLC entity.

In stark contrast, the Yellow Jacket Oil Tools, LLC entity has no business operations; has never booked any revenue; does not own, lease, or occupy any property; has no employees; and has not made or sold any products. *See* Dkt. 24 at Ex. 1 ¶¶ 8–13. Thus, Yellow Jacket Oil Tools, LLC has no "regular and established place of business" in Odessa or anywhere else in the Western District of Texas. Despite this evidence, DynaEnergetics attempts to evade this venue problem by baselessly asserting that G&H is the "alter ego" of Yellow Jacket Oil Tools, LLC.

However, proving alter ego is a "substantial burden" that DynaEnergetics' bare allegations do not meet. *See Interactive Toybox*, 2018 WL 5284625 at *4. As outlined in the pending motion, under Texas law, corporations are presumed to exist as separate entities. *See Capital Fin.*, 260 S.W.3d at 82. As this Court has stated in a prior case, "[w]hen the parent and subsidiary observe corporate formalities, a heavy presumption exists that the subsidiary is not an alter ego of the parent entity." *See Nat'l Steel Car Ltd. v. Greenbrier Cos., Inc.*, Case No. 6:19-cv-721-ADA, 2020 WL 4289388, at *3 (W.D. Tex. Jul. 27, 2020) (further noting that "activities consistent with the parent's and subsidiary's relationship should not give rise to a finding of an alter ego"). This Court has emphasized that overcoming the "heavy presumption" of separateness requires "clear evidence" that rebuts the "institutional independence of related corporate entities." *Id.* (finding that

3

the plaintiff failed to meet this burden and noting that "[t]he Court is hesitant to manufacture proper venue through the use of an equitable remedy").

### i.      Yellow Jacket Oil Tools, LLC and G&H are Separate Entities.

Here, DynaEnergetics has failed to provide any evidence that establishes its alter ego theory. Under Texas law, alter ego requires "something beyond the subsidiary's mere presence within the corporate bosom of the corporate family." *See PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 176 (Tex. 2007) (noting that alter ego "cannot be premised on corporate affiliation or stock ownership alone where corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary"). But DynaEnergetics' argument is ***solely*** based on the mere fact that G&H previously incorporated the Yellow Jacket Oil Tools, LLC entity. As a matter of logic, though, G&H cannot exercise "an unusually high degree of control" over that entity because Yellow Jacket Oil Tools, LLC is effectively and entirely inactive and has no business operations to control.

Similarly, there is no credible argument that G&H and Yellow Jacket Oil Tools, LLC do not properly observe corporate formalities. Puzzlingly, DynaEnergetics misleadingly argues that Yellow Jacket Oil Tools, LLC does not observe any corporate formalities because it does not maintain financial records. Dkt. 26 at 9. But Yellow Jacket Oil Tools, LLC has no operations or finances to record. Dkt. 24 at Ex. 1 ¶¶ 7–13. More importantly, however, G&H—which does have business operations—maintains them separately from Yellow Jacket Oil Tools, LLC. For example, DynaEnergetics cannot argue that G&H uses the Yellow Jacket Oil Tools, LLC entity to shelter any income or shield any property. Similarly, DynaEnergetics cannot argue that G&H uses the Yellow Jacket Oil Tools, LLC entity to absorb any liabilities or incur any losses. This is simply not a case where a parent is using a subsidiary entity to further some sort of malfeasance or fraud.

Instead, DynaEnergetics' sole motivation for asserting "alter ego" is to evade a lack of venue and litigate its case in its desired forum. *See Nat'l Steel Car*, 2020 WL 4289388, at *3 (noting that "[t]he Court is hesitant to manufacture proper venue through the use of an equitable remedy").

### ii.     Defendants Have Not "Admitted" the Requisite "Plus Factors."

Due to DynaEnergetics inability to establish evidence in support of its alter ego theory, DynaEnergetics manufactures support by falsely claiming that "Defendants make admissions with regard to every single one of these so-called 'plus factors'." Dkt. 26 at 8.

First, DynaEnergetics claims that "Yellow Jacket does not observe any corporate formalities." *Id*. at 9. However, as explained above, a company that does not conduct any business is not the equivalent of a company that does not observe corporate formalities. For example, when G&H sells its perforating guns, it does not book the sales to Yellow Jacket Oil Tools, LLC nor does it transfer funds to Yellow Jacket Oil Tools, LLC. Instead, G&H books sales in its financial records and keeps the funds within its bank accounts. There is no comingling of funds or business records.

Second, DynaEnergetics claims that "Defendants admit that separate accounting systems do not exist." *Id.* Again, DynaEnergetics is equating not having financial records with failing to have separate accounting systems. Yellow Jacket Oil Tools, LLC has never conducted any business and therefore has no transactions to enter into its ledger. Dkt. 24 at Ex. 1 ¶¶ 7–13.

Third, despite the fact that Yellow Jacket Oil Tools, LLC does not have any business activities to control, DynaEnergetics claims that G&H admitted that it "exercises complete control over Yellow Jacket's daily activities." *Id.* In support of this proposition, DynaEnergetics uses two pieces of evidence: (1) a letter sent from DynaEnergetics' counsel to Jimmy Kash and addressed to "Yellow Jacket Oil Tools LP" and (2) the acceptance of summons of Yellow Jacket Oil Tools,

LLC by Jimmy Kash. *Id.* As to the letter, DynaEnergetics fails to mention that it was improperly addressed to a ***non-existent*** entity "Yellow Jacket Oil Tools LP"—and ***not*** to Yellow Jacket Oil Tools, LLC. Dkt. 1 at Ex. D. As a result, whatever conclusions DynaEnergetics is trying to draw from the letter and its addressee are sorely misplaced. Moreover, the letter specifically was written for the attention of "Jimmy Kash" who is the President of G&H:

> September 11, 2020
>
> VIA FEDEX AND EMAIL (jkash@ghdiv.com)
>
> <u>Attn: Jimmy Kash</u>
> President
> Yellow Jacket Oil Tools LP
> 11670 Brittmoore Park Dr.
> Houston, TX 77041
>
> Re: DynaStage Patent Notice
>
> Dear Mr. Kash,

*Id.* As a result, DynaEnergetics' argument that G&H "exercises complete control" over Yellow Jacket Oil Tools, LLC because G&H's president opened a letter addressed to a different non-existent company that specifically was written for his own attention is frivolous. Similarly, given that the letter referenced products manufactured ***by G&H***, Mr. Kash was fully entitled to use the letter in his defense of the operations of G&H.

Lastly, defendants do not dispute that Mr. Kash is also the President of Yellow Jacket Oil Tools, LLC, which explains why he was entitled to accept service of process on that entity. However, the case law is clear that such commonality of officers in related companies does not give rise to a finding of alter ego. *See Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983) ("commonality of officers and directors are not alone sufficient to establish an alter ego relationship between two corporations").

    iii.    **DynaEnergetics Cannot Establish that Yellow Jacket Oil Tools, LLC and G&H are Alter Egos, Thereby Failing to Establish Venue is Proper as to All Parties**

6

After breaking down DynaEnergetics' incorrect attributions and false claims of admissions, what is left to support DynaEnergetics' alter ego theory is merely a conclusory assertion that the entities are alter egos. However, DynaEnergetics attempts to conflate the similarity between the trade name Yellow Jacket Oil Tools owned by G&H and a separate entity called Yellow Jacket Oil Tools, LLC is not "clear evidence" in support of its argument and is certainly not enough to overcome the "heavy presumption" that Yellow Jacket Oil Tools, LLC and G&H are separate companies. *See Nat'l Steel Car*, 2020 WL 4289388, at *3.

The cases that DynaEnergetics relies upon are easily distinguishable from the facts in this case. In *Precis Group*, TracFone argued that it did not have a regular and established place of business in the WDTX because its stores in the District were branded as "Total Wireless" stores. *See Precis Group, LLC v. TracFone Wireless, Inc.*, No. 6:20-cv-00303-ADA, 2021 WL 932046, at *4 (W.D. Tex. Mar. 11, 2021). In rejecting this argument, the Court emphasized that TracFone was the owner of the "Total Wireless" brand and thus the owner of the stores. *Id*. Importantly, this fact pattern is **backward** from the present case. G&H is **not** claiming that venue is improper as to G&H because the Odessa facility is branded under the Yellow Jacket Oil Tools brand. Instead, venue is improper as to the Yellow Jacket Oil Tools, LLC entity because it has no connection to that facility and has no regular and established place of business in the WDTX. DynaEnergetics' reliance on *Precis Group* is simply misplaced.

DynaEnergetics other cited cases are likewise distinguishable. *Safeco* applies Delaware law on alter ego and in *Canyon Furniture* there was substantial evidence that the companies at issue were completely intertwined, including transfers of funds between the entities. *Safeco Ins. Co. of Indiana v. Nidec Motor Corp.*, No. 4:20-CV-00183-ALM, 2021 WL 134099, at *4 (E.D. Tex. Jan. 14, 2021); *Canyon Furniture Co. v. Rueda Sanchez*, No. SA-18-CV-00753-OLG, 2018

WL 6265041, at *8 (W.D. Tex. Nov. 8, 2018).

Instead, the present case is more analogous to the *Interactive Toybox* case, which DynaEnergetics tellingly fails to address. *See Interactive Toybox*, 2018 WL 5284625. In that case, the Walt Disney Company ("TWDC") and Disney Consumer Products and Interactive Media, Inc. ("DCPIM") moved to dismiss the action for lack of personal jurisdiction, or in the alternative transfer. *Id.* at *1. To establish personal jurisdiction, plaintiff Toybox contended that TWDC and DCPIM were alter egos of Disney Stores USA, LLC based on public statements made by TWDC that it "owned and operated" Disney branded stores owned by the Disney Stores USA, LLC subsidiary. *Id.* at *2, *4. However, the court concluded that this was not enough to show that the entities were "ignoring corporate formalities or that they are exerting such a level of control over Disney Stores USA, LLC that the subsidiary is merely an alter ego for TWDC or DCPIM." *Id.* Accordingly, the court held that "Toybox has not met its burden to overcome the presumption of corporate separateness" and then transferred the case to the Central District of California. *Id.*

For the same reasons, DynaEnergetics has failed to provide "clear evidence" that would warrant overcoming the "heavy presumption" that Yellow Jacket Oil Tools LLC and G&H are separate entities. DynaEnergetics' failure to establish "alter ego" means that it has failed to establish venue as to all parties under Section 1400(b). Since venue is improper in this district, this case should be dismissed, or in the alternative transferred to the SDTX.

### B. The Section 1404 Transfer Factors Require This Case Be Transferred to the SDTX

#### i. DynaEnergetics Ignores the Relevant Inquiry as to the Location of Sources of Proof and Manufactures Purported Relevant Proof in the WDTX

Both parties are based in the SDTX. Virtually all of G&H's employees and all of G&H's research, design, development, and manufacturing of the accused products, as well as all the respective relevant documents, occurred and are located in Houston, Texas. *See,* Dkt. 24 at Ex. 10

¶¶ 12-23. Similarly, DynaEnergetics' own U.S.-based headquarters is in Houston, Texas. Indeed, DynaEnergetics is currently litigating cases involving the same asserted patents in SDTX courts. *DynaEnergetics Europe GmbH et al. v. Vigor USA, LLC*, No. 4:21-cv-00283; *DynaEnergetics Europe GmbH et al. v. Nexus Perforating LLC*, No. 4:21-cv-00280. As a result, the bulk of the relevant evidence is located in the SDTX. DynaEnergetics attempts to sidestep this fact by arguing that documents are electronic and, therefore, equally available in the two jurisdictions. *See* Dkt. 26 at 12. However, this argument is contrary to the precedent set forth by the Fifth Circuit. *See Precis Group*, 2021 WL 932046, at *6. As a result, this factor favors transfer.

Similarly, although DynaEnergetics points to its facilities in Blum, TX and Whitney, TX. DynaEnergetics tellingly fails to identify any documents that are uniquely located at these locations. Dkt. 26 at Ex. F; *see, e.g.*, *Kuster v. Western Digital Technologies, Inc.*, 2021 WL 466147 at *3 (W.D. Tex. Feb. 9, 2021) (where movant did "not point with particularity to any relevant physical documents" location of documents was neutral for movant). Moreover, DynaEnergetics ignores the fact that its U.S. headquarters is in Houston, Texas in the SDTX and does not identify any documents that would be located in Blum or Whitney that would also not be located in Houston. Dkt. 26 at 12-13. DynaEnergetics chose Houston as the headquarters for its U.S. business and cannot ignore its existence.

      **ii.**    **The Location of Identified Third-Party Witnesses Favors the SDTX**

In response to the numerous third-party witnesses identified by G&H that are located in the SDTX and outside the subpoena power of this Court, DynaEnergetics broadly refers to categories of testimony that it "will likely seek" and then states that these witnesses "will likely" be in the Permian Basin. Dkt 26 at 13. However, it is not enough to broadly refer to a group of potential non-party witnesses. *See Dymatize Enters., Inc. v. Maximum Human Performance, Inc.*,

2010 WL 972240, at *2-3 (N.D. Tex. Feb. 28, 2010) (holding that a party must at least identify witnesses); *Touchscreen Gestures, LLC v. HTC Corp.*, 2013 WL 12204558, *4 (E.D. Tex. Mar. 27, 2013) ("[t]he weight attributed to the parties' third-party witnesses is undercut by their failure to identify particular witnesses"). Moreover, six out of seven third-party companies identified in DynaEnergetics SDTX Initial Disclosures are based in the SDTX. Dkt. 24 at Ex. 13 (Company locations). Hence, DynaEnergetics' argument carries no weight.

### iii. The SDTX's Localized Interest Favors Transfer

Additionally, because the SDTX is home to both G&H and DynaEnergetics, the SDTX's localized interest outweighs that of the WDTX and favors transfer. DynaEnergetics reliance on *Frito-Lay* is misplaced. *See Frito-Lay North America, Inc. v. Medallion Foods, Inc.*, 867 F. Supp. 2d 859, 872 (E.D. Tex. 2012). First, the court stated that "in a patent infringement case, when the accused products are sold nationwide, the **alleged injury does not create a substantial local interest in any particular district.**" *Frito-Lay*, 867 F. Supp. 2d at 872. Here, G&H sells the Accused Product all over the United States and, therefore, the location of the alleged injury is not relevant to determining the localized interest in this case. Dkt. 26 at Ex. B, p. 2 (Website Sales Map). Second, the court stated that "[l]ocal interest may also be determined when a district is home to a party because the suit may call into question the reputation of individuals that work and conduct business in the community." *Frito-Lay*, 867 F. Supp. 2d at 872. As stated above, the SDTX is home to both sides of this litigation, and thus the SDTX has a stronger localized interest in resolving this dispute.

## III. CONCLUSION

As detailed above, venue is improper with respect to Yellow Jacket Oil Tools, LLC and therefore this case must be dismissed or transferred to a Court where venue is proper.

Dated: April 9, 2021

Respectfully submitted,

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.**

*/s/ Amir Alavi*
Amir Alavi
State Bar No.: 00793239
Todd Mensing
State Bar No.: 24013156
Michael McBride
State Bar No.: 24065700
Colin Phillips
*(Application for Attorney Admission Pending)*
State Bar No.: 24105937
Joshua Wyde
State Bar No.: 24060858
Steven Jugle
*(Application for Attorney Admission Pending)*
State Bar No. 24083280
AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING, P.C.
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101
aalavi@azalaw.com
tmensing@azalaw.com
mmcbride@azalaw.com
cphillips@azalaw.com
jwyde@azalaw.com
sjugle@azalaw.com

**ATTORNEYS FOR DEFENDANTS YELLOW JACKET OIL TOOLS, LLC, AND G&H DIVERSIFIED MANUFACTURING, LP**

## CERTIFICATE OF SERVICE

    I hereby certify that on April 9, 2021, a true and correct copy of this document has been filed electronically via the Court's CM/ECF filing system and subsequently all counsel in this matter deemed to accept service electronically will be notified via the Court's CM/ECF filing system.

                                                */s/ Amir H. Alavi*
                                                Amir Alavi