# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., <br><br>*Plaintiffs,*<br><br>v.<br><br>G&H DIVERSIFIED MANUFACTURING, LP<br><br>*Defendant.* | Civil Action No. 6:20-cv-01110-ADA<br><br>Jury Trial Demanded |

## DEFENDANT'S MOTION TO STAY PENDING POST-GRANT REVIEW

# TABLE OF CONTENTS

I. Introduction and Factual Background ................................................................................... 1

II. Statement of the Issue to Be Ruled Upon by the Court ............................................................ 3

III. Legal Standards ...................................................................................................................... 3

IV. Argument ................................................................................................................................ 4

    A.  A Stay Will Simplify the Issues in this Case ................................................................. 4

    B.  The Case Is in Its Early Stages and G&H Acted Quickly in Filing the
        PGR and Moving for a Stay ........................................................................................... 7

    C.  DynaEnergetics Will Not Be Unduly Prejudiced or Tactically
        Disadvantaged if a Stay Is Granted but There Is Hardship and Inequity
        to G&H if the Action Is Not Stayed ............................................................................... 9

V. Conclusion ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Aylus Networks, Inc. v. Apple Inc.*,
   856 F.3d 1353 (Fed. Cir. 2017) .................................................................................................. 5

*B & B Hardware, Inc. v. Hargis Indus., Inc.*,
   575 U.S. 138 (2015) ................................................................................................................... 6

*Click–to–Call Techs. LP v. Ingenio, Inc.*,
   2013 WL 11311782 (W.D. Tex. Dec. 05, 2013) ................................................................. 7, 10

*Clinton v. Jones*,
   520 U.S. 681 (1997) ................................................................................................................... 3

*Crossroads Systems, Inc. v. Dot Hill Systems Corp.*,
   2015 WL 3773014 (W.D. Tex. Jun. 16, 2015) ...................................................................... 4, 9

*eBay, Inc. v. MercExchange LLC*,
   547 U.S. 388 (2006) ................................................................................................................... 9

*Frac Shack Inc. v. Alaska Fuel Distributors Inc.*,
   No. 7:19-CV-00026-ADA (W.D. Tex. Oct. 26, 2021) ............................................................... 5

*Fresenius USA, Inc. v. Baxter Int'l Inc.*,
   721 F.3d 1330 (Fed. Cir. 2013) .................................................................................................. 5

*Gen-Probe Inc. v. Amoco Corp. Inc.*,
   926 F. Supp. 948 (S.D. Cal. 1996) ........................................................................................... 10

*Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC*,
   No. 6:20-CV-00200-ADA, 2021 WL 1298932 (W.D. Tex. 2021) ....................................... 4, 8

*Kirsch Research and Dev., LLC v. IKO Indus., Inc.*,
   2021 WL 4555610 (W.D. Tex. 2021) ........................................................................................ 9

*Kirsch Research and Development, LLC v. Tarco Specialty Products, Inc.*,
   6:20-cv-00318-ADA, 2021 WL 4555804 (W.D. Tex. Oct. 5, 2021) ......................................... 5

*Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*,
   901 F.2d 404 (5th Cir. 1990) ..................................................................................................... 3

*Lubrizol Specialty Prods., Inc. v. Baker Hughes Inc.*,
   No. H-15-2915, 2017 WL 2255579 (S.D. Tex. May 23, 2017) ................................................. 7

*Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*,
   6:18-CV-00207-ADA, 2019 WL 11706231 (W.D. Tex. 2019) ................................................. 8

*Neodron Ltd. v. Dell Techs. Inc.*,
   No. 1-19-CV-00819-ADA, 2019 WL 9633629 (W.D. Tex. Dec. 16, 2019) ............................. 4

*Norman IP Holdings, LLC v. TPLink Techs., Co.*,
   No. 6:13-cv-384, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014) ................................................. 7

*Peteres v. Active Mfg.*,
   129 U.S. 530 (1889) ................................................................................................................... 2

*Versata Software, Inc. v. Callidus Software, Inc.*,
    771 F.3d 1368 (Fed. Cir. 2014) .................................................................................................. 5

*Yeti Coolers*, *LLC v. Home Depot U.S.A.*, *Inc.*,
    No. 1:17-CV-342-RP, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018) ........................................ 4

**Statutes**

35 U.S.C. § 112 .............................................................................................................................. 6

35 U.S.C. § 311(b) ......................................................................................................................... 6

35 U.S.C. § 314(a) .................................................................................................................. 5, 10

35 U.S.C. § 315(e)(2) ..................................................................................................................... 6

35 U.S.C. § 321(b) ......................................................................................................................... 6

35 U.S.C. § 324(a) .................................................................................................................. 5, 10

35 U.S.C. § 325(e)(1) ..................................................................................................................... 5

35 U.S.C. § 325(e)(2) ..................................................................................................................... 6

35 U.S.C. § 326(a)(11) ............................................................................................................. 7, 8

**Federal Rules**

Fed. R. Civ. P. 26(c) ...................................................................................................................... 3

Pursuant to the Court's inherent authority to control its docket, Defendant G&H Diversified Manufacturing, LP ("G&H") respectfully moves to stay this action pending the outcome of G&H's post-grant review ("PGR") of the only asserted patent in this case, U.S. Patent No. 10,844,697 ("the '697 Patent"). The unique circumstances of this case, including the Patent Trial and Appeal Board's ("PTAB's") initial finding of multiple grounds of unpatentability, other Patent Office institutions and pending challenges of the '697 Patent, the uniquely broad preclusive effects of a PGR (relative to the far more common *inter partes* review ("IPR")), the early stage of this case, and the lack of prejudice to Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics") strongly favor staying this case.

## I. INTRODUCTION AND FACTUAL BACKGROUND

Every claim that Plaintiffs DynaEnergetics allege G&H infringes—Claims 1, 2, and 8 of the '697 Patent—now face multiple credible validity challenges. The most significant of these challenges is G&H's PGR, which the PTAB instituted last week on November 1. *See* Exhibit A (*G&H Diversified Mfg. LP v. DynaEnergetics Europe GmbH*, No. PGR2021-00078 (PTAB Nov. 1, 2021) (Paper 10)). The PTAB instituted on every claim and all petitioned grounds, deciding it is more likely than not that G&H would prevail on: **ground 1**, Claim 2 is not enabled; **ground 3**, Claims 1, 2 and 8 are anticipated by U.S. Patent No. 10,077,641 ("Rogman"); and **ground 8**, Claim 8 is obvious over Rogman in view of U.S. Patent App. Pub. 2013/0126237 ("Burton). *See id.* at 2, 8–9. Notably, this institution decision came before DynaEnergetics had even filed its responsive claim construction brief on November 8, 2021. *See* Dkt. 56 (dated Nov. 8, 2021).

On the same day, the U.S. Patent and Trademark Office ("USPTO") also instituted an *ex parte* reexamination ("EPR") of the '697 Patent based on a request filed by third-party Nexus Perforating LLC ("Nexus").[1] *See* Exhibit B (Order Granting Request for EPR). The USPTO instituted this EPR on every "substantial new question" ("SNQ") that Nexus raised: **SNQ 1**,

---

[1] G&H is not moving to stay pending completion of the EPR, only the PGR, but the Court may consider that the EPR is an additional relevant parallel challenge to every asserted claim.

1

asserted Claim 1 is anticipated by U.S. Patent No. 3,172,992 ("Boop") (*id.* at 11–12); **SNQ 2**, asserted Claims 1, 2 and 8 are anticipated by U.S. Patent. Pub. 2016/0084048 ("Harrigan") (*id.* at 12–13); and **SNQ 3**, asserted Claims 1, 2, and 8 are also anticipated by U.S. Patent No. 10,252,136 ("Goyeneche") (*id.* at 13–14).

Importantly, in making its EPR institution decision, the USPTO determined that the asserted claims have an effective filing date of June 8, 2017, which is about ***four years*** later than the July 18, 2013 effective filing date claimed on the face of the '697 Patent through continuation applications. *Id.* at 9–10; *see also* '697 Patent at (60). Given this finding, the USPTO is applying Goyeneche, Nexus's patent corresponding to the ***very product DynaEnergetics has accused Nexus of infringing***, as an anticipating reference under SNQ3. *Id.* at 13–14; *see also* Exhibit C (EPR Institution Request (Sept. 28, 2021)), at 34–38 (comparing Goyeneche to accused product); *see also* Exhibit D (Am. Complaint, *DynaEnergetics Europe GmbH v. Nexus Perforating LLC*, No. 4:21-cv-00280 (S.D. Tex.) (Dkt. 38)), at 3 (listing Ms. Goyeneche as Nexus' registered agent). ***In effect, the EPR has transformed an accused instrumentality into prior art that per se renders the patent unpatentable.***[2] *Peteres v. Active Mfg.*, 129 U.S. 530 (1889) ("That which infringes, if later, would anticipate, if earlier"). The other two SNQs, are based upon references Boop and Harrigan, which predate the '697 Patent's earliest possible priority date and are available as prior art regardless of the ultimate EPR priority determination. *Id.* at 10 (published March 16, 1965); Exhibit E (Harrigan Publication) at field (60) (claiming priority to provisional filed on May 3, 2013).

An additional PGR Petition, No. PGR2021-00097 ("'097 PGR"), Exhibit F, was filed against the '697 patent on July 20, 2020 challenging all asserted claims, and the PTAB is expected to issue an institution decision regarding the '097 PGR in mid-January.[3]

---

[2] For this reason, G&H anticipates moving to amend its invalidity contentions to at least add DynaEnergetics' infringement contentions against G&H's accused product.

[3] Again, G&H is not moving to stay pending completion of the '097 PGR, but this is another relevant parallel challenge every asserted claim the Court may consider in its analysis.

And, as the Court is aware from G&H's recent Motion to Stay Pending Resolution of Patent Ownership Dispute, Dkts. 48, 54, there is also a third-party action pending in the U.S. District Court for the District of Colorado challenging DynaEnergetics' ownership of the '697 Patent.[4]

For the convenience of the Court, the following table summarizes the multiple instituted challenges and grounds to the asserted claim of the '697 Patent:

|         | **G&H PGR** | **Nexus EPR** |
|---------|-------------|---------------|
| **Claim 1** | Ground 3, Anticipated by Rogman | SNQ 1, Anticipated by Boop<br>SNQ 2, Anticipated by Harrigan<br>SNQ 3, Anticipated by Goyeneche |
| **Claim 2** | Ground 1, Not Enabled<br>Ground 3, Anticipated by Rogman | SNQ 2, Anticipated by Harrigan<br>SNQ 3, Anticipated by Goyeneche |
| **Claim 8** | Ground 3, Anticipated by Rogman<br>Ground 8, Obvious in view of Rogman and Burton | SNQ 2, Anticipated by Harrigan<br>SNQ 3, Anticipated by Goyeneche |

## II. STATEMENT OF THE ISSUE TO BE RULED UPON BY THE COURT

The issue before this Court is whether a stay at this early stage pending resolution of the PGR—in which the PTAB has found that it is more likely than not that all asserted claims are not enabled, anticipated, and/or obvious, and which carries significant attendant estoppel effects upon a final written decision—would simplify the issues and reduce the burden of litigation on the parties and this Court without unfair prejudice to DynaEnergetics.

## III. LEGAL STANDARDS

A district court has the inherent power to control its own docket, including the power to stay the proceedings before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). This Court has discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). This includes protecting a party from discovery that creates undue burden or expense. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990).

---

[4] G&H does not mean to re-brief the issue here but understands that the Court may decide this motion first, and simply notes that the ownership challenge may also moot this proceeding and is yet another relevant factor that may go into the Court's calculus.

In determining whether a stay pending PGR is proper, "a district court should consider, among other factors, (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources." *Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC*, No. 6:20-CV-00200-ADA, 2021 WL 1298932, at *1 (W.D. Tex. 2021) (citing *Neodron Ltd. v. Dell Techs. Inc.*, No. 1-19-CV-00819-ADA, 2019 WL 9633629 (W.D. Tex. Dec. 16, 2019) and *Yeti Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-CV-342-RP, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018)). This test is also sometimes formulated as: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Crossroads Systems, Inc. v. Dot Hill Systems Corp.*, 2015 WL 3773014 (W.D. Tex. Jun. 16, 2015) (quoting *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).

## IV. ARGUMENT

This Court should grant G&H's motion to stay because under any PGR outcome, the issues in this case will be significantly simplified. This case is also at an early stage, the claim construction hearing has not occurred and discovery is not yet open, which favors staying the case. Further, staying the case will not unduly prejudice DynaEnergetics, because DynaEnergetics has conceded G&H's alleged infringement does not rise to a level of irreparable harm needed for DynaEnergetics to seek a preliminary injunction. As show in detail, all of these factors support a stay.

### A.   A Stay Will Simplify the Issues in this Case

This Court should grant G&H's motion to stay because the uniquely broad preclusive effect the PGR will have in this litigation upon a final written decision, combined with the specificity and PTAB's multiple grounds of institution, assure that the PTAB proceedings will simplify the issues in this case regardless of the PGR outcome. Should the PTAB cancel all asserted claims, after appeals, the result is binding and will moot this pending litigation (this is true at any stage,

even if this case goes forward and even after a jury finds the patent infringed). *Fresenius USA, Inc. v. Baxter Int'l Inc.*, 721 F.3d 1330, 1347 (Fed. Cir. 2013) (remanding with instructions to dismiss after *ex parte* reexam found asserted claims obvious). Should DynaEnergetics amend the asserted claims, this would restart the case, necessitating plaintiff to replead and potentially require additional claim construction. *See, e.g.*, *Frac Shack Inc. v. Alaska Fuel Distributors Inc.*, No. 7:19-CV-00026-ADA (W.D. Tex. Oct. 26, 2021) (Dkts. 82, 87) (ordering amended complaint following patent owner's amendment of claims in an IPR). Should the PTAB uphold any asserted claim, G&H would be broadly precluded from bringing invalidity challenges based upon grounds that it "raised or reasonably could have raised." 35 U.S.C. § 325(e)(1). And, regardless of outcome, statements made by DynaEnergetics during the PGR can act as a prosecution disclaimer that may affect the infringement arguments. *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359 (Fed. Cir. 2017).

And the chances of all asserted claims being cancelled are higher than the more prevalent IPR proceedings, because, as this is a PGR, the PTAB has already determined that success is "more likely than not," rather than the lower "reasonable likelihood" IPR institution standard. 35 U.S.C. §§ 324(a), 314(a).

Further, the PTAB has instituted on every challenged claim, which means "this simplification factor weighs more strongly in favor of a stay, *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1372 (Fed. Cir. 2014), and as shown above there are four independent instituted grounds for each claim (as well as others in the pending '097 PGR) that increases the likelihood that the PGR entirely moots the dispute before this Court. *Kirsch Research and Development, LLC v. Tarco Specialty Products, Inc.*, 6:20-cv-00318-ADA, 2021 WL 4555804, at *3 (W.D. Tex. Oct. 5, 2021) (finding four grounds of invalidity means "the simplification-of-issues factor overwhelms the other two factors"). This is especially true, given the general statistics show that of the instituted PGRs that have reached a final decision, only 16% have ended with all claims being upheld. Exhibit G (Statistics from LexMachina.com), at 1. And the chances for the '697 Patent are likely less, given the USPTO has already found a substantial

new question of patentability over, or it more likely than not the claims are invalid/unpatentable because, multiple grounds, with an initial finding that Claim 1 is anticipated by Rogman, Boop, Harrigan, and Goyeneche; Claim 2 is not enabled and anticipated by Rogman, Harrigan, and Goyeneche; and Claim 8 is anticipated by Rogman, Harrigan, and Goyeneche and obvious in view of Rogman and Burton.

Moreover, while G&H is not seeking to stay pending any proceeding other than G&H's PGR, the stay would nonetheless have the practical effect of giving the '097 PGR time to evaluate additional grounds of invalidity that has the potential to add many more grounds of unpatentability to each asserted claim. The time would also be used to let the EPR finalize its current finding that the effective priority date of the '697 Patent is June 8, 2017, that would likely give rise to issue preclusion in this litigation, *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015) (holding party in district court may not relitigate TTAB issue), and would be case dispositive as the accused device would predate the '697 Patent's effective priority.

Finally, greater simplification will result from the PGRs significantly broader preclusive effect compared to the IPRs that are far more commonly at issue before this Court. While both PGRs and IPRs preclude petitioners from asserting in litigation any grounds for invalidity that they "raised or reasonably could have raised during" the review, 35 U.S.C. §§ 315(e)(2), 325(e)(2), the scope of what a petitioner could have raised during a PGR is much broader. IPRs generally may only challenge a patent under §§ 102 and 103 based on patents or printed publications, and may not include challenges based on patentable subject matter, lack of written description under 35 U.S.C. § 112, on sale bars, public use, etc. 35 U.S.C. § 311(b). But a PGR can be sought "on any ground that could be raised under paragraph (2) or (3) of section 282(b) (relating to invalidity of the patent or any claim)," 35 U.S.C. § 321(b), so does not have such restrictions. As such, the issues that will be removed from this litigation at the conclusion of the PGR is much larger, and the simplification factor should be weighed commensurately greater.

Regardless of whether G&H wins or loses its PGR, a stay in this case will simplify issues and to a greater extent than with an IPR, and the multiple instituted grounds and heightened standard mean the chances of the PGR mooting this entire case are quite high.

**B.    The Case Is in Its Early Stages and G&H Acted Quickly in Filing the PGR and Moving for a Stay**

The early stage of this case also favors granting G&H's requested stay. The claim construction hearing is not scheduled until December 20, 2021, full discovery does not open until January 4, 2022, opening expert reports are not due until August 8, 2022, and trial is not proposed until January 3, 2023—two months after the PTAB's statutory deadline to issue a final written decision in the PGR. *See* Dkt. 38 (Proposed Scheduling Order) at 6, and Dkt. 62 (Scheduling Order); 35 U.S.C. § 326(a)(11) (mandating that the "final determination in any post-grant review be issued not later than 1 year after the [institution date]"). In short, virtually all of the work necessary to bring this case to trial still remains to be completed by the parties and this Court, which weighs in favor of staying the case. *Norman IP Holdings, LLC v. TPLink Techs., Co.*, No. 6:13-cv-384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) ("Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court."); *see also Lubrizol Specialty Prods., Inc. v. Baker Hughes Inc.*, No. H-15-2915, 2017 WL 2255579, at *2 (S.D. Tex. May 23, 2017) (granting a stay and determining the case was at an early stage because the parties had not provided expert reports, had not engaged in expert discovery, and had taken few depositions).

By way of comparison, in *Click–to–Call*, this Court granted a motion to stay pending IPR even though the parties had already started post-*Markman* discovery and the Court had set a trial date. *See Click–to–Call Techs. LP v. Ingenio, Inc.*, 2013 WL 11311782, at *2 (W.D. Tex. Dec. 05, 2013) ("[I]t simply makes no sense for this Court to proceed in parallel with the PTAB. The finality of any judgment rendered by this Court will be dubious so long as the PTAB retains authority to review, and therefore invalidate, the asserted claims."). The earlier stage in this case means this factor weighs in favor of granting a stay.

G&H is aware of this Court's denial of a motion to stay pending the outcome of a PGR earlier this year in *Kerr Machine*; however, the facts here are distinguishable. In *Kerr Machine*, the Court had issued a claim construction order, conducted two discovery hearings, and was five months away from trial, which the Court anticipated "[would] occur before the PGR's final written decision," so did not want to "squander those efforts." 2021 WL 1298932 at *3. None of those facts exist in this case—a claim-construction order has not been issued and discovery has not begun. And, as the Court in *Kerr Machine* acknowledged, "[c]ourts regularly measure the early stages of a case by whether the parties have started discovery and whether the court has issued a claim construction order." *Id.* (citation omitted).

Indeed, this case is in its early stages in large part because G&H acted with reasonable dispatch in filing its PGR petition and this motion for a stay. *See Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, 6:18-CV-00207-ADA, 2019 WL 11706231, at *3 (W.D. Tex. 2019) ("The Court also considers 'whether the defendant acted with reasonable dispatch in filing its petitions for *inter partes* review and then, after the petitions were granted, in filing its motion for a stay.'") (citation omitted). Here, G&H filed its Petition for PGR on May 10, 2021, well before the Case Management Conference on July 12, 2021. *See* Dkt. 38 at 2. Because G&H filed its PGR petition at such an early stage of this litigation, the PTAB's final decision on the PGR will be issued no later than November 1, 2022, more than two months before the currently proposed trial date (January 3, 2023). *Compare* 35 U.S.C. § 326(a)(11) (mandating a PGR final written decision be issued not later than 1 year after the institution date) *with* Dkt. 62 (setting the trial date).

Then G&H filed this motion to stay less than two weeks following the PTAB's November 1, 2021 institution decision.[5]

---

[5] Given this Court does not generally grant motions to stay pre-institution, see *Multimedia Content Mgmt.*, 2019 WL 11706231, at *3 ("At the time this Motion was filed, the IPR Petition had not been instituted or denied by the PTAB; therefore, [with respect to the 'most important factor'] any simplification of the issues at trial after a PTAB decision will likely be minimal"), G&H prudently waited until after institution to move for a stay.

8

G&H's timeliness in filing both the PGR Petition and this Motion for a stay weighs in favor of granting the stay.

**C.     DynaEnergetics Will Not Be Unduly Prejudiced or Tactically Disadvantaged if a Stay Is Granted but There Is Hardship and Inequity to G&H if the Action Is Not Stayed**

As a threshold matter, DynaEnergetics has acknowledged that it is not being irreparably harmed by G&H's alleged infringement of the '697 Patent. *See* Exhibit H (Prelim. Inj. Hr'g Tr., *DynaEnergetics Europe GmbH v. OSO Perforating, LLC*, No. 3:21-cv-00188 (N.D. Tex. Oct. 6, 2021) and *DynaEnergetics Europe GmbH v. SWM International, LLC*, No. 3:21-cv-00192 (N.D. Tex. Oct. 6, 2021)) at 12:10–20 ("[T]he only Preliminary Injunction Motions that we filed are the two [in the Northern District of Texas] for SWM and Oso . . . we did not file a preliminary injunction motion because we did not think that the irreparable harm rose to the level of SWM and Oso."); 176:21-23 ("[The president of DynaEnergetics] knows who's irreparably harming him. It's Hunting, SWM and Oso. That's who he filed preliminary injunctions against"). Indeed, such admissions are likely to preclude DynaEnergetics from getting a permanent injunction, as it will not be able to show irreparable injury or that monetary damages are not sufficient. *eBay, Inc. v. MercExchange LLC*, 547 U.S. 388, 91 (2006). And the fact that DynaEnergetics has not sought a preliminary injunction against G&H (or any other '697 Patent defendant in this Court) even though the prayer in the complaint requests a preliminary injunction, Dkt. 17 at 14, suggests "the threat of an injunction [was] employed simply for undue leverage in negotiations [and] legal damages may well be sufficient to compensate for infringement." *Id.* at 396–94 (Roberts, J., Concurring). This case concerns monetary compensation, and "mere delay in collecting [monetary] damages does not constitute undue prejudice." *Crossroads Systems, Inc. v. Dot Hill Systems Corp.*, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015); *Kirsch Research and Dev., LLC v. IKO Indus., Inc.*, 2021 WL 4555610, at *2 (W.D. Tex. 2021) (citing *Crossroads*) ("Plaintiff's interest in timely enforcement is diminished here where a stay would merely delay Plaintiff's potential monetary concern").

Moreover, this Court has determined that, even considering the delay from an IPR through appeal, there is no prejudice to a plaintiff when the PTAB has already determined that there is a ***reasonable likelihood*** that defendants will succeed on their challenge. *Click–to–Call*, 2013 WL 11311782, at *1 (citing 35 U.S.C. § 314(a)). Here, that reasoning applies with more force, given the PGR will be resolved before the proposed trial date, and the PTAB has already determined that G&H has met the higher more likely than not standard in showing that the claims are unpatentable. 35 U.S.C. § 324(a).

If there is a risk of hardship and inequity, it lies in the prospect of incurring the "massive costs that proceeding with this litigation would entail" only to have it later determined on any one of the multiple overlapping bases that DynaEnergetics was not actually entitled to pursue the asserted claims. *See Gen-Probe Inc. v. Amoco Corp. Inc.*, 926 F. Supp. 948, 964 (S.D. Cal. 1996).

In short, because a stay would only mean a delay in collecting monetary damages, DynaEnergetics will not be prejudiced by the stay, while G&H faces hardship and inequity from failure to grant the stay given the anticipated expense of litigating '697 Patent claims that the PTAB has already determined are more likely than not to be unpatentable for multiple reasons.

## V. CONCLUSION

Given the unusual factual stance of this case, every factor—simplification, stage, and prejudice/hardship—strongly supports a temporary stay. G&H respectfully asks the Court to stay this case pending resolution of the instituted PGR.

Dated:  November 12, 2021

Respectfully submitted,

*/s/ Amir Alavi*
Amir Alavi
State Bar No. 00793239
Demetrios Anaipakos
State Bar No.: 00793258
Todd Mensing
State Bar No. 24013156
Michael McBride
State Bar No. 24065700
Joshua Wyde
State Bar No. 24060858
Louis Liao
State Bar. No. 24109471
Steven Jugle
State Bar No. 24083280
Michael Killingsworth
State Bar No. 24110089
Colin Phillips
State Bar No. 24105937
Scott W. Clark
State Bar No. 24007003
AHMAD, ZAVITSANOS, ANAIPAKOS,
    ALAVI & MENSING, P.C.
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101
(713) 655-0062
aalavi@azalaw.com
danaipakos@azalaw.com
sclark@azalaw.com
mmcbride@azalaw.com
sjugle@azalaw.com
jwyde@azalaw.com
lliao@azalaw.com
cphillips@azalaw.com
sclark@azalaw.com

**ATTORNEYS FOR DEFENDANT G&H DIVERSIFIED MANUFACTURING, LP**

11

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on November 23, 2021, counsel for G&H conferred with counsel for DynaEnergetics by email wherein counsel for DynaEnergetics stated that they oppose the relief sought in the present motion.

/s/ Steven Jugle
Steven Jugle

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically on November 12, 2021. As such, this document was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

/s/ Amir Alavi
Amir Alavi